### HOFFMAN v. HAUPTNER.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

1. PARTNERSHIP (§ 313*)—DISSOLUTION—END OF TERM—ACCOUNTING.

    The term for which a partnership was organized having terminated, no action for dissolution was necessary, or could be had; but an action for an accounting was proper.

    [Ed. Note.—For other cases, see Partnership, Dec. Dig. § 313.*]

2. PARTNERSHIP (§ 325*)—ACCOUNTING—RECEIVERS.

    Where articles of partnership provided a method for winding up the affairs of a firm on termination by lapse of time, and defendant followed such method, which plaintiff, refused to observe, and it appeared that plaintiff owned no part of the partnership property, but was deeply in debt to it, the court erred in appointing a receiver in plaintiff's action for an accounting.

    [Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 757–767; Dec. Dig. § 325.*]

Appeal from Special Term, New York County.

Action by George C. Hoffman against Charles Hauptner. From an order of the Special Term appointing a receiver pendente lite of the firm of Charles Hauptner & Co., defendant appeals. Reversed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

James E. Bennet (Henry B. Wesselman, of counsel), for appellant. Herbert H. Maas, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CLARKE, J. Charles Hauptner and George C. Hoffman were members of a partnership, Charles Hauptner & Co., under written articles of partnership which expired by limitation on the 31st of August, 1909, but which by agreement, was extended by three several stipulations to the 13th day of September. The articles provided that at the expiration or earlier termination of the agreement, and within 10 days thereafter, the several partners, or their respective executors, administrators, personal representatives, or assigns, shall appoint an appraiser to represent the interest or estate of said partners, respectively, and the appraisers so chosen may select a third, and said appraisers shall proceed forthwith to fix the value of the assets of said business, including stock, fixtures, good will, claims, and bills receivable, after deducting therefrom all liabilities of the firm, and at the valuation so fixed said Charles Hauptner, or his legal representatives, shall have the first privilege to purchase the said assets. Upon his failure or refusal to purchase the same at the valuation so fixed by said appraisers, the other partner will have the like privilege. In case neither party shall elect to purchase, then said business shall be wound up as speedily as possible, the stock in trade, fixtures, and good will shall be sold at public auction, unless otherwise agreed upon, all debts and liabilities of the firm shall be paid, and all outstanding claims shall be collected, and the proceeds shall be disposed of as follows: To the said Charles Hauptner shall be paid the sum equal to all the capital contributed by him and not withdrawn, including the appraised value of the stock and fixtures and the agreed value of the good will by him contributed at the commencement of the business; to the other partner all capital by him contributed during the continuance of the agreement and not withdrawn. If the amount realized from the assets of the business shall not be sufficient to pay said amounts in full, then said assets are to be divided proportionally. If the same shall be more than sufficient, the remainder of said assets shall be divided equally, and a like division or distribution of the assets shall be made in case either partner or his personal representative shall elect to become the purchaser hereof as hereinbefore provided.

In May defendant informed plaintiff that it would be impracticable to continue the partnership after August 31st, and proposed that an inventory be taken, statement made up, and the affairs of the partnership amicably adjusted. Plaintiff stated that under no circumstances would he agree to an inventory or appraisal. Defendant said he was willing to carry out in all respects the partnership agreement. Plaintiff replied that he did not intend to carry out that part of the agreement, or be a party to the dissolution according to the methods set forth therein. On August 18th defendant asked that an inventory be taken at once, in order that they might determine their partnership interest and the net assets of the business, and plaintiff again refused. He left the store on August 26th, and has not since returned. An inventory was taken, showing that Hauptner's interest in the firm was about $40,000; that Hoffman had drawn out all of his capital, and owed the firm over $7,000, and had given a note in the firm name for about $5,000 more, and that the net assets of the firm amounted to about $31,000. Defendant offered to sell his interest in the business, but, if

plaintiff did not wish to buy, offered to give him a general release, assume the liabilities, and take over the assets. Defendant named an appraiser; plaintiff refused to. At the close of business on September 13th, defendant's accountant's statement showed the net assets were then $31,343.72. Hauptner thereupon charged his account on the books with the said sum, took over the assets, and assumed the liabilities. Hauptner then caused a corporation to be formed, under the name of Charles Hauptner Company, and executed a bill of sale of what he had bought. Whereupon Hoffman brought this action for an accounting, dissolution of the firm, and for a receiver.

An action for an accounting was proper; but, as the partnership was dissolved by limitation, no action for a dissolution was necessary, or could be had. The articles provided a method for winding up which defendant followed, but which plaintiff refused to observe. The appointment of a receiver, under all the circumstances, was improper and ill-advised. Upon the showing made here, plaintiff owns nothing of the partnership property, but is deeply in debt thereto.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.